FILED

IN THE UNITED STATES COURT OF APPEALS

05 OCT -4 PM 2:42

FOR THE ELEVENTH CIRCUIT

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

No. 05-14421-B

Dist. Ct. Dkt. No. 02-00111-CR-T-17-MAP

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 3 0 2005

THOMAS K. KAHN
CLERK

IN RE:

GREGORY G. SCHULTZ,

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: Carolyn Mazers
Deputy Clerk
Atlanta, Georgia

**BEFORE:**  TJOFLAT and DUBINA, Circuit Judges.

**BY THE COURT:**

Gregory G. Schultz, a private citizen proceeding pro se, filed the instant mandamus

petition, requesting that this Court order the recusal of the district court judge in his criminal

action based on her alleged bias and prejudice.

Mandamus is available "only in drastic situations, when no other adequate means are

available to remedy a clear usurpation of power or abuse of discretion." Jackson v. Motel 6

Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997).  The petitioner has the burden of

showing that he has no other avenue of relief and that his right to relief is clear and indisputable.

See Mallard v. United States Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318

(1989).

The question of disqualification of a trial judge is reviewable on mandamus, but the writ will issue only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion. See In re Lopez-Lukis, 113 F.3d 1187, 1187-88 (11th Cir. 1997); Jackson, 130 F.3d at 1004. A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification under § 455(a) is required when the alleged bias is personal in nature, that is, stemming from an extra-judicial source, or when opinions formed by the judge during the proceedings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 552-56, 114 S.Ct. 1147, 1156-57, 127 L.Ed.2d 474 (1994); Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994). Generally, a judge's rulings in a case are not valid grounds for recusal. Liteky, 510 U.S. at 555, 114 S.Ct. at 1157; Loranger, 10 F.3d at 780.

In this case, there is nothing in the record to indicate that Schultz moved for recusal in the district court in the context of the order about which he complains. As such, an adequate remedy exists because Schultz could move for recusal in the district court and potentially obtain such relief. Additionally, Schultz has not demonstrated bias stemming from an extra-judicial source, nor has he made a showing of pervasive bias that would necessitate recusal. The allegedly biased action cited by Schultz relates to an adverse ruling the district court judge made sua sponte. The mere fact that the district court ruled adversely to Schultz does not, by itself, establish pervasive bias. Liteky, 510 U.S. at 555, 114 S.Ct. at 1157; Loranger, 10 F.3d at 780. Moreover, it is apparent that the district court judge was attempting to curtail Schultz's machinations to delay his

2

trial further and introduce conflicts of interest between various parties. Accordingly, Schultz has not demonstrated bias stemming from an extra-judicial source, nor has he made a showing of "pervasive bias" that might necessitate recusal.

Accordingly, Schultz's mandamus petition is **DENIED**.

FILED

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

05 OCT -4  PM 2: 42

For rules and forms visit
www.ca11.uscourts.gov

CLERK U S COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

September 30, 2005

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA  FL  33602-3849

**Appeal Number: 05-14421-B**
Case Style: In Re:  Gregory G. Schultz
District Court Number:  02-00111 CR-T-17-MAP

The enclosed certified copy of this Court's Order of Dismissal is issued as the mandate of
this court.  See 11th Cir. R. 41-4.  Counsel and pro se parties are advised that pursuant
to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed
within 21 days of the entry of such order.  No additional time shall be allowed for mailing."

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed
to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Carolyn Magers (404) 335-6181

Encl.

DIS-4  (3-2005)