UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

       v.                                      CASE NO.  8:02-cr-111-T-17MAP

GREGORY G. SCHULTZ
_____/

## ORDER

The Defendant is currently scheduled to be sentenced on February 16, 2006, by the district judge. On January 19, 2006, the law firm of Cohen, Jayson, & Foster, P.A., and the Defendant's current court-appointed counsel, John E. Fernandez, filed a "Stipulation for Substitution of Counsel." *See* doc. 1442. Given the entry of a forfeiture money judgment against the Defendant for $18,624,173 together with his sworn inability to hire counsel, the district judge referred the matter to me for disposition (this referral also included the surety's motion for return of the cash bond deposited for the Defendant's release (doc. 1438)). Accordingly, I convened a hearing on the matter on January 25. Mr. Foster, whom the Defendant seeks to retain, represented the Defendant's wife would be paying his fees. The government, however, expressed some concern about the source of the funds. After some discussion, I directed Mr. Foster to confer with government counsel in an effort to resolve any issues the government might have about the funds. Notably, the government did not file before or after this hearing any written objections to the substitution.

Nonetheless, I convened another hearing on February 6 to determine the status of any dispute regarding the substitution. Mr. Foster again represented the Defendant's wife would be paying his fees and supplied documentation demonstrating she would use the proceeds from

the sale of property once owned by her parents (the Jesse property). The documentation reveals the sale proceeds were deposited to a Wachovia accoun of which Mrs. Schultz is a signator. At this juncture, at least from the papers the Defendant has presented, the money trail seems straightforward and traceable to the sale of the Jesse property. Moreover, the Defendant does not possess the funds to hire counsel and there is no evidence he has had access to these funds for his personal use. Although the government asserts some misgivings, it did not seriously challenge the Defendant's presentation with any evidentiary proof. Thus, and as I indicated at the hearing, I am prepared to approve the substitution of counsel and the exoneration of the Defendant's bail.

Although I expressed this view at the hearing, I also emphasized to the Defendant he should not conclude my anticipated ruling would mean the district judge would automatically continue his sentencing. That decision was the district judge's to make based on the arguments presented to her. Given this, Mr. Foster expressed concern about his ability to be prepared for the Defendant's sentencing; consequently, and after consulting with the Defendant, he asked the Court to require Mr. Fernandez to continue representing the Defendant through sentencing. In short, the Defendant has withdrawn his request for substitution of counsel, at least temporarily. For these reasons, it is

ORDERED:

1. The surety's consented motion for return of cash (doc. 1438) is GRANTED. The Clerk is directed to return the cash deposit used to secure the Defendant's release to the depositor or as she directs (i.e., per any assignment).[1]

---

[1] No formal assignment of the cash deposit has been filed with the Clerk.

2. Pursuant to Fed. R. Crim. P. 46(g) and the Defendant having otherwise satisfied the conditions of his release, his sureties are hereby released and exonerated from any conditions imposed by the bond approved in this case for the Defendant.

3. The stipulation for substitution of counsel and joint motion for substitution of counsel (docs. 1439 and 1442) are deferred until after the Defendant's sentencing scheduled for February 16, 2006.

4. Per the discussions at the February 6, 2006, hearing, the government is free to challenge the Defendant's request for substitution of counsel by filing any appropriate pleading prior to February 16.

DONE AND ORDERED at Tampa, Florida on February 7, 2006.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Elizabeth A. Kovachevich
      Counsel of Record