UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY G. SCHULTZ,

v.          Case No. 8:02-cr-111-T-17MAP
            8:10-cv-1612-T-17MAP

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court upon the Government's motion to dismiss Schultz's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. D-cv-9.

The Government moves for dismissal of this action pursuant to this Court's Order of August 20, 2010, and Rule 3.10, Local Rules, United States District Court, Middle District of Florida for Schultz's failure to file an amended motion by September 10, 2010, as directed by the Court.

Background

On July 21, 2010, Schultz filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. D-cv-1. On August 16, 2010, Schultz filed motions asking this Court for leave to amend his section 2255 motion and to submit his amended motion with excess pages. D-cv-5, D-cv-6.  On August 20, 2010, this Court granted Schultz the relief he requested in allowing him to file a 30-page memorandum of law, along with his section 2255 motion. D-cv-7. As part of that Order, this Court specifically cautioned Schultz that his "failure to file the amended motion to vacate within the allotted time [specified as

on or before September 10, 2010] will result in the dismissal of this action, without further notice, and without prejudice, for Defendant's failure to prosecute under Rule 3.10, Local Rules, United States District Court, Middle District of Florida." Id.

As of the date of this order, Schultz has failed to comply with the Court's Order of August 20, 2010, in that, Schultz failed to file an amended motion to vacate on or before September 10, 2010. The Court specifically warned Schultz that his failure to comply with the Order would result in a dismissal of this action without further notice. Notwithstanding the Court's clear and unambiguous Order, Schultz declined to file an amended motion within the allotted time. Thus, his failure to do so violates this Court's Order and Rule 3.10, Local Rules, United States District Court, Middle District of Florida. *See, e.g., United States v. Martin-Trigona*, 627 F.2d 680 (5th Cir. 1980).

Accordingly, the Court orders:

That the Government's motion to dismiss Schultz's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (D-cv-9) is granted. The motion to vacate is dismissed, without prejudice. The Clerk is directed to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were 'adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 30, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Jay G. Trezevant
Gregory G. Schultz